UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LUIS ALONSO HIDALGO, JR., | Case No. 3:18-cv-00153-MMD-VPC |
| Petitioner, | ORDER |
| v. | |
| STATE OF NEVADA, *et al.*, | |
| Respondents. | |

This *pro se* habeas matter comes before the Court on Petitioner's application for leave to proceed *in forma pauperis* (ECF No. 1), motion for appointment of counsel (ECF No. 1-2), motion for extension of time (ECF No. 1-3), and for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court finds that Petitioner is able to pay the $5.00 filing fee. The application for leave to proceed *in forma pauperis* will therefore be denied. Petitioner therefore must pay the $5.00 filing fee. As discussed further below, the Court is granting counsel prior to and while the filing fee is being paid so that counsel may begin working on the case at the earliest possible juncture. Petitioner still must pay the $5.00 filing fee in response to this order. If he fails to do so timely, the action will be dismissed for failure to pay the filing fee, the appointment of counsel notwithstanding.

Turning to Petitioner's motion for appointment of counsel and initial review, Petitioner challenges his Nevada state conviction for conspiracy to commit battery with a deadly weapon and second degree murder with use of a deadly weapon, for which he is serving two consecutive sentences of ten years to life. The financial materials submitted

establish Petitioner's financial eligibility for appointment of counsel. The court finds that appointment of counsel is in the interests of justice given, *inter alia*: (1) Petitioner's lengthy sentencing consisting of two consecutive sentences of life with the possibility of parole after a minimum of ten years on each sentence; (2) the potential complexity of the issues presented; and (3) Petitioner's assertion that substantial medical conditions prevent him from adequately representing himself. The motion for appointment of counsel accordingly will be granted.

Finally, Petitioner has moved for a 90-day extension of time within which to file his habeas petition in this case. As there is a petition on file, the Court construes the motion as a motion for extension of time to file an amended petition. As the Court will grant appointed counsel leave to file an amended petition, the motion for extension of time is denied as moot.

It therefore is ordered that Petitioner's application (ECF No. 1) to proceed *in forma pauperis* is denied. Petitioner will have thirty (30) days from entry of this order within which to have the filing fee of five dollars ($5.00) sent to the Clerk of Court. Failure to timely comply with this order will result in the dismissal of this action without further advance notice.

It further is ordered that the Clerk will file the petition, the motion for appointment of counsel and the motion for extension of time, and will reflect the grant of the motion for appointment of counsel and denial of the motion for extension of time when docketing the motions, in a manner consistent with the Clerk's current practice for such matters. The counsel appointed will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

It further is ordered that the Federal Public Defender will be provisionally appointed as counsel and will have thirty (30) days to undertake direct representation of Petitioner or to indicate to the Court the office's inability to represent Petitioner in these proceedings. If the Federal Public Defender is unable to represent Petitioner, the Court then will appoint alternate counsel. A deadline for the filing of an amended petition and/or seeking other

relief will be set after counsel has entered an appearance. The Court anticipates setting the deadline for approximately one hundred twenty (120) days from entry of the formal order of appointment. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

It further is ordered, so that the respondents may be electronically served with any papers filed through counsel, that the Clerk will add state attorney general Adam P. Laxalt as counsel for respondents and will make informal electronic service of this order upon respondents by directing a notice of electronic filing to him. Respondents' counsel will enter a notice of appearance within twenty-one (21) days of entry of this order, but no further response will be required from respondents until further order of the Court.

The Clerk further will send a copy of this order to the Federal Public Defender and the CJA Coordinator for this division.

Finally, the clerk will provide Petitioner two hard copies of this order in proper person. Petitioner will make the necessary arrangements to have a copy of this order attached to the check for the $5.00 filing fee, if the filing fee is paid through the institution.[1]

DATED THIS 16th day of April 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] It may be more practical for petitioner to pay the filing fee directly from the institution in proper person, without the intermediation of newly provisionally appointed counsel. In all events, this order directs only the time within which the filing fee must be paid, not how it is done.